| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: **Eastern District of Virginia** (State) | |
| Case number (if known): _____  Chapter **11** | ☐ Check if this is an amended filing |

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's Name**  Intelsat S.A.

**2. All other names debtor used in the last 8 years**  Intelsat Global Holdings S.A.

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  98-1009418

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **4 rue Albert Borschette** | **7900 Tysons One Place** |
| Number    Street | Number    Street |
| | P.O. Box |
| **L-1246 Luxembourg** | **McLean,**    **Virginia**    **22102** |
| City    State    Zip Code | City    State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| County | Number    Street |
| | City    State    Zip Code |

**5. Debtor's website (URL)**  www.intelsat.com

**6. Type of debtor**
☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☒ Other. Specify:    S.A.

---

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor  __Intelsat S.A._____    Case number *(if known)*_____
  Name

| | |
|---|---|
| 7. Describe debtor's business | A. *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |
| | |
| | B. *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | |
| | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | **5174 - Satellite Telecommunications** |

| | |
|---|---|
| 8. Under which chapter of the Bankruptcy Code is the debtor filing? | *Check One:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| | ☒ Chapter 11.  *Check all that apply:* |
| A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.**  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ A plan is being filed with this petition. |
| | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.** |
| | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

Debtor  __Intelsat S.A.__  Case number *(if known)* _____
         *Name*

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   ☒ No
   ☐ Yes.
   District _____  When _____  Case number _____
   District _____  When _____  Case number _____

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
    ☐ No
    ☒ Yes.
    Debtor  __See Rider 1__   Relationship  __Affiliate__
    District  __Eastern District of Virginia__   When  __05/13/2020__
                                                        MM / DD / YYYY
    Case number, if known  _____

    List all cases. If more than 1, attach a separate list.

11. **Why is the case filed in *this* district?**
    *Check all that apply:*
    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**
    ☒ No.
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)
    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard?
    ☐ It needs to be physically secured or protected from the weather.
    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
    ☐ Other

    **Where is the property?**  _____
                                Number    Street
                                _____  _____  _____
                                City            State    Zip Code

    **Is the property insured?**
    ☐ No
    ☐ Yes.  Insurance agency _____
            Contact name _____
            Phone _____

**Statistical and administrative information**

13. **Debtor's estimation of available funds**
    *Check one:*
    ☒ Funds will be available for distribution to unsecured creditors.
    ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

14. **Estimated number of creditors[1]**
    ☐ 1-49           ☐ 1,000-5,000       ☐ 25,001-50,000
    ☐ 50-99          ☒ 5,001-10,000      ☐ 50,001-100,000
    ☐ 100-199        ☐ 10,001-25,000     ☐ More than 100,000
    ☐ 200-999

---

[1] The estimated number of creditors and estimated amounts of assets, and liabilities, are being listed on a consolidated basis for all Debtor affiliates listed on Rider 1, attached hereto.

| Debtor | Intelsat S.A. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**15. Estimated assets**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☒ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☒ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **05/13/2020**
MM/ DD / YYYY

✗ **/s/ David Tolley**                                    **David Tolley**
Signature of authorized representative of debtor       Printed name

Title  **Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer**

**18. Signature of attorney**

✗ **/s/ Michael A. Condyles**       Date  **05/13/2020**
Signature of attorney for debtor                 MM/ DD/YYYY

**Michael A. Condyles**
Printed name

**Kutak Rock LLP**
Firm name

**901 East Byrd Street, Suite 1000**
Number          Street

**Richmond**                              **VA**           **23219-4071**
City                                      State          ZIP Code

**(804) 343-5227**                         **michael.condyles@kutakrock.com**
Contact phone                             Email address

**27807**                                  **VA**
Bar number                                State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

Official Form 201A (12/15)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| INTELSAT S.A., ) | Case No. 20-_____ (___) |
| ) | |
| Debtor. ) | |
| ) | |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   **CIK #0001525773**

2. The following financial data is the latest available information and refers to the debtor's condition on **April 1, 2020**

   (a)  Total assets                                                          $ **11,651,558,000**

   (b)  Total debts (including debts listed in 2.c., below)     $ **16,805,844,000**

   (c)  Debt securities held by more than 500 holders         **See Comments**

   Approximate number of holders:

   | | | | | |
   |---|---|---|---|---|
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

   (d)  Number of shares of preferred stock                          **0**[1]

   (e)  Number of shares of common stock                         **142,085,774**[1]

   Comments, if any:     **Intelsat S.A. does not and cannot know the precise number of beneficial holders of any of the debt securities it has issued and does not believe that any such securities are held by more than 500 holders.**

3. Brief description of debtor's business:     **Intelsat S.A. is a publicly held operator of one of the world's largest satellite services businesses, which provides a diverse array of communications services to a wide variety of clients, including media companies, telecommunication operators, internet service providers, and data networking service Providers.**

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   **Serafina S.A. (34.1%); Cyrus Capital Partners L.P. and related entities (7.6%); Appaloosa LP and related entities (7.4%); Discovery Capital Management LLC (6.1%)**

---

[1]  1 billion shares of common stock or preferred stock are authorized under the Consolidated Articles of Incorporation of Intelsat S.A., as amended on September 9, 2019 https://www.sec.gov/Archives/edgar/data/1525773/000152577320000007/exhibit31consolidateda.htm.

| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: **Eastern District of Virginia** (State) | |
| Case number *(if known)*: _____   Chapter   **11** | ☐ Check if this is an amended filing |

# Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Eastern District of Virginia for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Intelsat S.A.

1. Intelsat Virginia Holdings LLC
2. Intelsat US LLC
3. Intelsat S.A.
4. Intelsat (Luxembourg) S.A.
5. Intelsat Align S.à r.l
6. Intelsat Alliance LP
7. Intelsat Asia Carrier Services, LLC
8. Intelsat Connect Finance S.A.
9. Intelsat Envision Holdings LLC
10. Intelsat Finance Bermuda Ltd.
11. Intelsat Genesis GP LLC
12. Intelsat Genesis Inc.
13. Intelsat Global Sales & Marketing Ltd.
14. Intelsat Holdings LLC
15. Intelsat Holdings S.A.
16. Intelsat International Employment LLC
17. Intelsat International Systems, LLC
18. Intelsat Investment Holdings S.à.r.l
19. Intelsat Investments S.A.
20. Intelsat Jackson Holdings S.A.
21. Intelsat License Holdings LLC
22. Intelsat License LLC
23. Intelsat Satellite LLC
24. Intelsat Service and Equipment LLC
25. Intelsat Subsidiary (Gibraltar) Limited
26. Intelsat UK Financial Services Ltd
27. Intelsat US Finance LLC
28. Intelsat Ventures S.à r.l
29. PanAmSat Europe Corporation
30. PanAmSat India LLC
31. PanAmSat India Marketing L.L.C.
32. PanAmSat International Holdings, LLC
33. PanAmSat International Sales, LLC
34. Southern Satellite Licensee LLC
35. Southern Satellite LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INTELSAT S.A., | ) | Case No. 20-_____(\_\_\_) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held[2] |
|---|---|---|---|
| Intelsat S.A. | Serafina S.A. | 18 Rue Erasme Luxembourg N4 L-1468 | 34.1% |
| Intelsat S.A. | Cyrus Capital Partners, L.P. and related entities | c/o Cyrus Capital Partners, L.P. 65 East 55th Street, 35th Floor New York, NY 10022 | 7.6%[3] |
| Intelsat S.A. | Appaloosa LP and related entities | 51 John F Kennedy Pkwy, Short Hills, NJ 07078 | 7.4% |
| Intelsat S.A. | Discovery Capital Management, LLC and related entities | 20 Marshall Street Norwalk, Connecticut 06854 | 6.1% |

---

[1] This list reflects holders of five percent or more of Intelsat S.A.'s common stock. This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. By the *Debtors' Motion for Entry of an Order (I) Extending Time to File Schedules and Statements of Financial Affairs, (II) Authorizing the Debtors to File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (III) Authorizing the Debtors to File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (IV) Waiving the Requirement to File a List of Equity Security Holders, (V) Authorizing the Debtors to Redact Certain Personal Identification Information, and (VI) Granting Related Relief,* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity security holders.

[2] Positions listed for Serafina S.A., Appaloosa LP and related entities, and Discovery Capital Management, LLC and related entities are as of April 1, 2020, according to the Proxy Statement filed with the Securities and Exchange Commission on April 28, 2020.

[3] Position listed for Cyrus Capital Partners, LP and related entities is as of April 27, 2020, according to their Schedule 13D beneficial ownership report, filed with the Securities and Exchange Commission as of May 4, 2020.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| INTELSAT S.A., | ) Case No. 20-_____(___) |
| Debtor. | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Serafina S.A. | 34.1% |

Fill in this information to identify the case:
Debtor name: Intelsat S.A., *et al.*
United States Bankruptcy Court for the: Eastern District of Virginia
Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders       12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. BANK NATIONAL ASSOCIATION<br>60 LIVINGSTON AVE<br>ST PAUL, MN 55107<br>UNITED STATES | ATTN: RICK PROKOSCH<br>TITLE: VICE PRESIDENT<br>PHONE: 651-466-6619<br>EMAIL: RICK.PROKOSCH@USBANK.COM | 8.5% SENIOR NOTES DUE 2024 (Includes unpaid interest) | | | | $3,075,383,000 |
| 2 | U.S. BANK NATIONAL ASSOCIATION<br>60 LIVINGSTON AVE<br>ST PAUL, MN 55107<br>UNITED STATES | ATTN: RICK PROKOSCH<br>TITLE: VICE PRESIDENT<br>PHONE: 651-466-6619<br>EMAIL: RICK.PROKOSCH@USBANK.COM | 5.5% SENIOR NOTES DUE 2023 | | | | $1,985,000,000 |
| 3 | U.S. BANK NATIONAL ASSOCIATION<br>60 LIVINGSTON AVE<br>ST PAUL, MN 55107<br>UNITED STATES | ATTN: RICK PROKOSCH<br>TITLE: VICE PRESIDENT<br>PHONE: 651-466-6619<br>EMAIL: RICK.PROKOSCH@USBANK.COM | 9.75% SENIOR NOTES DUE 2025 | | | | $1,885,000,000 |
| 4 | U.S. BANK NATIONAL ASSOCIATION<br>60 LIVINGSTON AVE<br>ST PAUL, MN 55107<br>UNITED STATES | ATTN: RICK PROKOSCH<br>TITLE: VICE PRESIDENT<br>PHONE: 651-466-6619<br>EMAIL: RICK.PROKOSCH@USBANK.COM | 9.5% SENIOR NOTES DUE 2023 | | | | $1,250,000,000 |
| 5 | WELLS FARGO BANK, NATIONAL ASSOCIATION<br>420 MONTGOMERY STREET<br>SAN FRANCISCO, CA 94104<br>UNITED STATES | ATTN: MUNEERA CARR<br>TITLE: CONTROLLER<br>PHONE: 703-734-0021<br>EMAIL: MUNEERA.CARR@YAHOO.COM | 8.125% SENIOR NOTES DUE 2023 (Excludes amounts held by Debtors) | | | | $8,883,370,008 |
| 6 | U.S. BANK NATIONAL ASSOCIATION<br>60 LIVINGSTON AVE<br>ST PAUL, MN 55107<br>UNITED STATES | ATTN: RICK PROKOSCH<br>TITLE: VICE PRESIDENT<br>PHONE: 651-466-6619<br>EMAIL: RICK.PROKOSCH@USBANK.COM | 7.75% SENIOR NOTES DUE 2021 | | | | $421,219,000 |
| 7 | U.S. BANK NATIONAL ASSOCIATION<br>60 LIVINGSTON AVE<br>ST PAUL, MN 55107<br>UNITED STATES | ATTN: RICK PROKOSCH<br>TITLE: VICE PRESIDENT<br>PHONE: 651-466-6619<br>EMAIL: RICK.PROKOSCH@USBANK.COM | 4.5% SENIOR CONVERTIBLE NOTES DUE 2024 | | | | $402,500,000 |
| 8 | MINISTRY OF PTT (ALGERIA)<br>4 BOULEVARD KRIM BELKACEM<br>ALGIERS, 16027<br>ALGERIA | ATTN: BRAHIM BOUMZAR<br>TITLE: MINISTER<br>PHONE: 213(0)21-711-220<br>EMAIL: CONTACT@MPTTN.GOV.DZ<br>FAX: 213(0)21 730 047 | LEGACY SHAREHOLDER | | | | $9,631,781 |
| 9 | IRAQ TELECOMMUNICATIONS & POST COMPANY<br>THE MINISTRY'S HEADQUARTERS, 8933+8G<br>AL-NISOUR SQUARE ADJACENT TO THE BAGHDAD TOWER<br>BAGHDAD<br>IRAQ | ATTN: ANMAR HADI<br>PHONE: 964-770-768-7654<br>EMAIL: ANMAR.HADI@SCIS.GOV.IQ<br>FAX: 8933+8G | LEGACY SHAREHOLDER | | | | $6,580,163 |
| 10 | THE BOEING COMPANY<br>100 NORTH RIVERSIDE<br>CHICAGO, IL 60606<br>UNITED STATES | ATTN: MICHAEL ARTHUR<br>TITLE: SENIOR VICE PRESIDENT<br>PHONE: 312-544-2000<br>EMAIL: MICHAEL.ARTHUR@BOEING.COM | SATELLITE PERFORMANCE INCENTIVES | | | | $6,283,365 |
| 11 | JSAT INTERNATIONAL, INC.<br>C/O SKY PERFECT JSAT CORPORATION<br>1401 H STREET NW, SUITE 220<br>WASHINGTON, DC 20005<br>UNITED STATES | ATTN: EIICHI YONEKURA<br>TITLE: PRESIDENT<br>PHONE: 202-379-4400<br>EMAIL: YONEKURA-EIICHI@SPTVJSAT.COM<br>FAX: 202-379-4410 | REVENUE SHARING | CONTINGENT, UNLIQUIDATED | | | $3,950,000 |
| 12 | HISPASAT S.A.<br>PASEO DE LA CASTELLANA, 39<br>MADRID, 28046<br>SPAIN | ATTN: JUAN JESUS GARCIA<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: 34-91-710-25-40<br>EMAIL: JJGARCIA@HISPASAT.ES | LEASEBACK PAYABLE | | | | $1,882,860 |
| 13 | MINISTRY OF MARITIME AFFAIRS, TRANSPORTATION & COM<br>PRISAVLJE 14<br>ZAGREB, 10000<br>CROATIA | ATTN: OLEG BUTKOVIĆ<br>TITLE: MINISTER<br>PHONE: 385-1-6169-115<br>EMAIL: MINISTAR@MMPI.HR | LEGACY SHAREHOLDER | | | | $1,799,156 |
| 14 | FOX ENTERTAINMENT GROUP, INC.<br>500 SOUTH BUENA VISTA STREET<br>BURBANK, CA 91521<br>UNITED STATES | ATTN: BOB CHAPEK<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: 818-560-1000<br>EMAIL: ROBERT.CHAPEK@DISNEY.COM | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $1,685,907 |
| 15 | AZERCOSMOS OJSCO<br>72 UZEYIR HAJIBEYLI STREET<br>BAKU, AZ1000<br>AZERBAIJAN | ATTN: RASHAD NABIYEV<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 994-12-565-0055<br>EMAIL: RASHAD.NABIYEV@GMAIL.COM<br>FAX: 994-12-565-0066 | TRADE PAYABLE | | | | $1,582,456 |
| 16 | MINISTRY OF TRANSPORT & COMM. (KGZ)<br>42 ISANOV ST<br>BISHKEK, KYRGYZ REPUBLIC 720017<br>KYRGYZSTAN | ATTN: BEISHENOV ZHANAT SAMATOVICH<br>TITLE: MINISTER<br>PHONE: 00996-312-314289<br>EMAIL: MTK@MTK.GOV.KG<br>FAX: 00996-312-312811 | LEGACY SHAREHOLDER | | | | $1,562,513 |
| 17 | TRYCO INTERNATIONAL, INC. - GUINEA BISSEAU<br>6736 OLD MCLEAN VILLAGE DR.<br>MCLEAN, VA 22101<br>UNITED STATES | ATTN: FRANZ KARL ZENZ<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 703-734-0467<br>EMAIL: TRYCO@TRYCO.ORG<br>FAX: 703-847-0741 | LEGACY SHAREHOLDER | | | | $1,562,513 |
| 18 | TIM S.A.<br>AVENIDA JOÃO CABRAL DE MELLO NETO<br>850, BLOCO 1B, 4º ANDAR<br>BARRA DA TIJUCA, RIO DE JANEIRO CEP 22775-057<br>BRAZIL | ATTN: PIETRO LABRIOLA<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 55-21-410-940<br>EMAIL: PIETRO.LABRIOLA@ICLOUD.COM | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $1,336,156 |
| 19 | NEW SKIES SATELLITES<br>CHÂTEAU DE BETZDORF<br>BETZDORF, GREVENMACHER 6815<br>LUXEMBOURG | ATTN: JOHN PURVIS<br>TITLE: CHIEF LEGAL OFFICER<br>PHONE: 352-710-725-1<br>EMAIL: JOHN.PURVIS@SES.COM | REVENUE SHARING | CONTINGENT, UNLIQUIDATED | | | $1,199,082 |

Debtor:    Intelsat S.A., et al.                                                                                                                                             Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | TYSONS CORNER OFFICE I LLC<br>2800 POST OAK BLVD<br>HOUSTON, TX 77056-6188<br>UNITED STATES | ATTN: ROSEMARIE SUBASIC<br>TITLE: VICE PRESIDENT<br>PHONE: 713-621-8000<br>EMAIL: ROSEMARIE_SUBASIC@HINES.COM<br>FAX: 571-730-4725 | LEASE PAYABLE | | | | $1,068,452 |
| 21 | TELESPAZIO<br>VIA TIBURTINA<br>ROME, LAZIO 965 00156<br>ITALY | ATTN: CHRISTOPHE ROSENTHAL<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: 39-06-40791<br>EMAIL: CHRISTOPHE.ROSENTHAL@TELESPAZIO.COM | TRADE PAYABLE | | | | $943,169 |
| 22 | PT INDOSAT<br>INDOSAT BUILDING<br>JALAN MEDAN MERDEKA BARAT NO. 21<br>CENTRAL JAKARTA, JAKARTA 10110<br>INDONESIA | ATTN: EYAS NAIF ASSAF<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: 62-21-3444 2606<br>EMAIL: AALNEAMA@OOREDOO.QA<br>FAX: 62-21-30003757 | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $812,094 |
| 23 | CELCOM (MALAYSIA) SDN. BHD. (167469-A)<br>NO. 6, PERSIARAN BARAT<br>SEKSYEN 52<br>PETALING JAYA, 46200<br>MALAYSIA | ATTN: JENNIFER WONG<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: 603-7200-2222<br>EMAIL: WONG.JENN@GMAIL.COM | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $764,570 |
| 24 | ETISALAT<br>ETISALAT HEAD OFFICE BUILDING<br>ZAYED THE FIRST STREET<br>ABU DHABI CITY, ABU DHABI<br>UAE | ATTN: HATEM DOWIDAR<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 971-2-6283333<br>EMAIL: HDOWIDAR@ETISALAT.AE<br>FAX: 971-2-6317000 | TRADE PAYABLE | UNLIQUIDATED | | | $750,000 |
| 25 | KTSAT<br>13606 90, BULJEONG-RO, BUNDANG-GU<br>JEONGJA-DONG<br>SEONGNAM-SI, GYEONGGI-DO 13606<br>SOUTH KOREA | ATTN: JI HONG KIM<br>TITLE: LEGAL COUNSEL<br>PHONE: 031-727-0114<br>EMAIL: JI.KIM@KT.COM | TRADE PAYABLE | | | | $719,769 |
| 26 | EMETEL SOCIEDAD ANONIMA<br>ICARIA III, C/ VULCANO 1<br>OLEIROS, A CORUÑA 15172<br>SPAIN | ATTN: MANUEL LAGO VECINO<br>TITLE: DIRECTOR GENERAL<br>PHONE: 34-981-21-68-79<br>EMAIL: MLAGO@EMETEL.NET<br>FAX: 902-36-40-01 | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $545,970 |
| 27 | ST ENGINEERING IDIRECT<br>13861 SUNRISE VALLEY DRIVE, SUITE 300<br>HERNDON, VA 20171<br>UNITED STATES | ATTN: KEVIN STEEN<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 703-648-8000<br>EMAIL: KSTEEN@IDIRECT.NET<br>FAX: 866-345-0983 | TRADE PAYABLE | | | | $523,359 |
| 28 | TELENOR SATELLITE BROADCASTING  AS<br>SNARØYVEIEN 30, M3A<br>FORNEBU, ØSTLANDET 1360<br>NORWAY | ATTN: MARTIN FOSS<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: 47-670-73-470<br>EMAIL: MARTIN.FOSS@TELENOR.COM | TRADE PAYABLE | | | | $500,854 |
| 29 | KDDI CORPORATION<br>GARDEN AIR TOWER<br>3-10-10, IIDABASH<br>CHIYODA-KU, TOKYO 102-8460<br>JAPAN | ATTN: YASUYUKI KOIDE<br>TITLE: CHIEF OPERATING OFFICER<br>PHONE: 212-295-1200<br>EMAIL: Y.KOIDE@KDDIA.COM | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $487,115 |
| 30 | MERCURY SERVICOS DE TELECOMMUNICACOES, SARL GRUPO<br>STREET RAINHA GINGA N 29-31, 13TH FLOOR<br>MAILBOX: 1316<br>LUANDA<br>ANGOLA | ATTN: ADALBERTO FERNANDO NHINGUICA<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 244-226-621-000<br>EMAIL: ADALBERTO.NHINGUICA@MSTELCOM.CO.AO | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $407,421 |
| 31 | DISNEY CHANNEL, THE<br>500 SOUTH BUENA VISTA STREET<br>BURBANK, CA 91521<br>UNITED STATES | ATTN: BRENT WOODFORD<br>TITLE: CONTROLLERSHIP<br>PHONE: 818-790-0887<br>EMAIL: BRENT.WOODFORD@DISNEY.COM | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $388,465 |
| 32 | TELEFONICA DE ARGENTINA S.A.<br>SUIPACHA 150 7MO PISO<br>BUENOS AIRES, CP 1008<br>ARGENTINA | ATTN: JOSÉ MARÍA ÁLVAREZ-PALLETE<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 54-11-4332-9200<br>EMAIL: JMALVPAL@TISA.TELEFONICA.COM | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $379,887 |
| 33 | OPTUS SATELLITE PTY LTD<br>1 LYON PARK RD<br>MACQUARIE PARK<br>NEW SOUTH WALES 2113<br>AUSTRALIA | ATTN: KELLY BAYER ROSMARIN<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 0061-280827800<br>EMAIL: KELLY_BAYER@YAHOO.COM | TRADE PAYABLE | | | | $353,666 |
| 34 | RADIO TELEVISION GUATEMALA, S.A. - CANAL 3<br>GUATEMALA SA - 30 AVENIDA 3-40, ZONA 11<br>GUATEMALA CITY<br>GUATEMALA | ATTN: EDGAR SANDOVAL<br>TITLE: DIRECTOR OF ENGINEERING<br>PHONE: 011-502-2410-3112<br>EMAIL: ESANDOVAL@CANAL3.COM.GT<br>FAX: 011-502-2410-3110 | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $352,800 |
| 35 | LOCKHEED MARTIN AUSTRALIA PTY LTD<br>8 BRISBANE AVENUE<br>BARTON, ACT 2600<br>AUSTRALIA | ATTN: JOE NORTH<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 301-897-6837<br>EMAIL: JNORTH@LOCKHEEDMARTIN.COM | TRADE PAYABLE | | | | $351,603 |
| 36 | COLOMBIA TELECOMUNICACIONES S.A. E.S.P.<br>TRANSV 60, AVENIDA SUBA<br>BOGOTA, 114A-55 11001<br>COLOMBIA | ATTN: FABIÁN HERNÁNDEZ<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 57-1-705-0007<br>EMAIL: FABIAN.HERNANDEZ@TELEFONICA.COM | CUSTOMER DEPOSIT | CONTINGENT, UNLIQUIDATED | | | $298,118 |
| 37 | PENSION BENEFIT GUARANTY CORPORATION<br>1200 K STREET, N.W.. SUITE 340<br>WASHINGTON, DC 20005-4026<br>UNITED STATES | ATTN: PATRICIA KELLY<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: 703-448-0461<br>EMAIL: KELLY.PATRICIA@PBGC.GOV<br>FAX: 202-326-4112 | PENSION LIABILITY | CONTINGENT, UNLIQUIDATED | | | UNDETERMINED |
| 38 | INTERNATIONAL TELECOMMUNICATIONS SATELLITE ORGANIZATION ("ITSO")<br>4400 JENIFER STREET, NW, SUITE #332<br>WASHINGTON, D.C. 20015<br>UNITED STATES | ATTN: PATRICK MASAMBU<br>TITLE: DIRECTOR<br>PHONE: 202-243-5096<br>EMAIL: PMASAMBU@ITSO.INT | LITIGATION | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNDETERMINED |
| 39 | PATRICIA EWING<br>ADDRESS ON FILE | CONTACT INFORMATION ON FILE | RETIREE RESTORATION PLAN | CONTINGENT, UNLIQUIDATED | | | UNDETERMINED |
| 40 | JOSEPH A. JANKOWSKI<br>ADDRESS ON FILE | CONTACT INFORMATION ON FILE | RETIREE RESTORATION PLAN | CONTINGENT, UNLIQUIDATED | | | UNDETERMINED |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities become invoiced.

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Intelsat S.A.** |
| United States Bankruptcy Court for the: | **Eastern District of Virginia** (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended *Schedule*
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration    **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **05/13/2020**        **/s/ David Tolley**
            MM/ DD/YYYY        Signature of individual signing on behalf of debtor
                    **David Tolley**
                    Printed name

                    **Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer**
                    Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## **OFFICER'S CERTIFICATE**

May 13, 2020

I, Michelle Bryan, hereby certify that I am the Secretary of the entity identified on <u>Exhibit A</u> hereto (the "<u>Company</u>"), and do hereby certify solely on behalf of the Company and not in my individual capacity, that attached hereto as <u>Exhibit A</u> is a true, correct, and complete copy of the resolutions duly adopted by the board of directors, board of managers or sole members, as applicable, of the Company. Such resolutions are the only resolutions relating thereto and have not been amended, rescinded, modified, or revoked since the date of adoption thereof, and are in full force and effect on the date hereof.

\*\*\*

By: Michelle Bryan
Title: Secretary

**Exhibit A**

**Resolutions**

**INTELSAT S.A.**
*société anonyme*
4, rue Albert Borschette
L-1246 Luxembourg
RCS Luxembourg B.162135
(the "Company")

**RESOLUTIONS**

**WHEREAS**, the Board has considered certain materials presented by, or on behalf of, the Company's management ("Management") and financial and legal advisors (collectively, "Advisors"), including, but not limited to, materials regarding the liabilities, obligations and liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business and the business of the Company's affiliates.

**WHEREAS**, the Board has had adequate opportunity to consult with its Management and Advisors regarding the materials presented, to obtain additional information and to fully consider each of the strategic alternatives available to the Company.

**WHEREAS**, the Board has determined, in the judgement of the Board, that the following resolutions are advisable and in the best interests of the Company, its interest holders, its subsidiaries, its creditors and other parties in interest.

**Voluntary Petition for Relief under Applicable Bankruptcy Law and Seeking Necessary Relief**

**NOW, THEREFORE, BE IT**

**CONFIRMED**, that the members of the Board have considered their fiduciary duties under applicable law in exercising their powers and discharging their duties, to act honestly and in good faith with a view to the best interests of the Company as a whole and to exercise the care, diligence and skill that a reasonably prudent person would exercise in comparable circumstances.

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interest of the Company, its interest holders, its subsidiaries, its creditors, and other parties in interest, that the Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, a voluntary petition for relief (the "Bankruptcy Petition") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") for the Company and any applicable foreign ancillary proceedings for the Company; and, in accordance with the requirements of the Company's governing documents and applicable law, hereby consents to, authorizes and approves, the filing of the Bankruptcy Petitions and the foreign ancillary proceedings (if any).

**RESOLVED**, that any director or duly appointed officer of the Company, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "Authorized Persons") be, and hereby is, authorized to execute and file on behalf of the Company and its subsidiaries all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company or any of its subsidiaries.

### Retention of Professionals

**RESOLVED**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of the Company: (i) the law firm of Kirkland & Ellis LLP ("K&E"), as general bankruptcy counsel, (ii) the firm of Alvarez & Marsal North America, LLC ("A&M"), as a restructuring advisor, (iii) the firm of PJT Partners LP ("PJT"), as financial advisor and investment banker, (iv) Deloitte LLP ("Deloitte"), as tax advisor, and (v) and any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals such Authorized Person deems necessary, appropriate or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

### Cash Collateral

**RESOLVED**, the Board has determined that the Company will obtain benefits from the use of the collateral, including cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain of the Company's prepetition secured lenders and noteholders (the "Prepetition Secured Parties") under that certain credit agreement, dated as of January 12, 2011 (as amended, supplemented or otherwise modified from time to time), by and among, *inter alia*, Intelsat Jackson Holdings S.A., the guarantors from time to time party thereto, and Bank of America, N.A., as administrative agent; that certain indenture, dated as of March 29, 2016 (as amended, supplemented or otherwise modified from time to time), by and among, *inter alia*, Intelsat Jackson Holdings S.A., the Company, certain subsidiary guarantors from time to time party thereto, and Wilmington Trust, National Association, as trustee; and that certain indenture, dated as of June 30, 2016 (as amended, supplemented or otherwise modified from time to time), by and among, *inter alia*, Intelsat Jackson Holdings S.A., the Company, certain subsidiary guarantors from time to time party thereto, and Wilmington Trust, National Association, as trustee.

**RESOLVED**, that each of the Authorized Persons, each acting individually and with full power of substitution, be, and hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company to seek approval of the use of cash collateral pursuant to a cash collateral order in interim and final form (a "Cash Collateral Order"), and to negotiate, execute (under the common seal, if appropriate), and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary or advisable to implement the Cash Collateral Order, including providing for adequate protection to the Prepetition Secured Parties in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of cash collateral in connection with the Company's chapter 11 cases, which agreement(s) may require the Company to grant adequate protection and security interests to the Prepetition Secured Parties and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person in his/her absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

**RESOLVED**, that each of the Authorized Persons of the Company, each acting individually and with full power of substitution, be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to execute (under the common seal, if appropriate) and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Order or to do such other things which shall in his/her absolute discretion be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof.

### Further Actions and Prior Actions

**RESOLVED**, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate or desirable in accordance with these resolutions.

**RESOLVED**, that to the extent the Company is directly or indirectly the sole member, general partner, managing member, equivalent manager, or other governing body of certain of the Company's subsidiaries (each, a "Controlled Company"), each Authorized Person is authorized, empowered and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of each such applicable Controlled Company.

**RESOLVED**, that any Authorized Person of a Company is hereby authorized, empowered and directed to execute, on behalf of the Company, a consent of the sole member of each Controlled Company whereby such Controlled Company resolves that,

notwithstanding any provision of the Limited Liability Company Agreement or the Partnership Agreement of such Controlled Company, and notwithstanding that the Delaware Limited Liability Company Act (the "LLC Act") may provide to the contrary (including Section 18-304 of the Act) or the Delaware Revised Uniform Limited Partnership Act (the "DRULPA") may provide to the contrary (including Section 17-402 of the Act), the occurrence of any event of the type identified in Section 18-304 of the LLC Act or Section 17-402 of the DRULPA with respect to a member or general partner, as applicable, of such Controlled Company shall not cause such member or general partner, as applicable, to cease to be a member of such Controlled Company and, upon the occurrence of such an event, such Controlled Company shall continue without dissolution.

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company itself may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

**RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice.

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board.